Richard Kwun, Bar #249134
LEGAL HELPERS, P.C.
428 J Street, Suite 410
Sacramento, CA 95814
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| Martha Bibat<br>2300 Oakdale Rd., Apt. 205<br>Modesto, CA 95355<br><br>    Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation<br>300 International Drive, Suite 100<br>Williamsville, NY 14221<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

Complaint - 1

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around January 2009, Defendant telephoned Plaintiff.

8. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

9. During this communication, Defendant threatened to take Plaintiff's property if Plaintiff did not satisfy the debt.

10. In or around January 2009, Defendant telephoned Plaintiff.

11. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and/or abusive manner.

12. During this communication, Defendant demanded that Plaintiff take out Plaintiff's checkbook to pay the debt.

13. During this communication, Defendant threatened to "go after" Plaintiff's children for the debt.

14. During this communication, Defendant represented that Plaintiff and Plaintiff's children needed to leave the country or change their social security numbers to protect themselves from Defendant.

15. At the time of these communications, Defendant had neither the intent nor the ability to seize Plaintiff's property.

16. At the time of these communications, Defendant had neither the intent nor the ability to pursue Plaintiff's children for the debt.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Rosenthal Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. In falsely representing to Plaintiff the non-payment of the debt may result in legal action against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiff unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

## COUNT EIGHT

### Intentional Infliction of Emotional Distress

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant engaged in conduct that was extreme and outrageous.

35. Defendant intended to inflict severe distress and/or knew that there was a high probability that their actions would cause severe emotional distress.

36. As a result of Defendant's extreme and outrageous, Plaintiff suffered severe emotional distress.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

    b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c);

    c. Judgment, in an amount to be determined at trial, against Defendant for the Intentional Infliction of Emotional Distress; and

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *s/ Richard Kwun*
Richard Kwun, Bar #249134
428 J Street, Suite 410
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff*